**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

JOHN D. WATSON,

Plaintiff,

v. CIVIL ACTION NO. 5:13-cv-01939

NATIONAL UNION FIRE INSURANCE
CO. OF PITTSBURGH, PA and
CHARTIS CLAIMS, INC.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendants' *Motion to Dismiss* ("Mot. to Dismiss") (Document 5) and its supporting memorandum (Document 6). The Court has also reviewed Plaintiff's Response to Defendant Chartis Claims Inc.'s Motion to Dismiss and Defendant National Union's Motion to Dismiss Counts 2 and 3 (Document 11). After careful consideration of the First Amended Complaint and Defendant's challenges thereto, the Court **grants in part and denies in part** the Defendants' motion for the reasons set forth below.

## *I. BACKGROUND*

In his First Amended Complaint, Plaintiff, John D. Watson, brings an action against Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("Defendant NUFIC") and NUFIC's claims administrator Chartis Claims, Inc. ("Defendant Chartis"), in the Circuit Court of Raleigh County, West Virginia, as a result of a disputed insurance claim. (Notice of Removal by Defendants ("Notice of Removal"), Ex. A. First Amended Complaint

(Document 1-1) at 72).[1]

On June 19, 2008, Plaintiff was involved in a motor vehicle accident in Raleigh County, West Virginia. At the time of the accident, Plaintiff operated a vehicle owned by his employer, the State of West Virginia / RESA-I.[2] Plaintiff initially sought workers' compensation benefits as a result of the accident. However, on June 26, 2008, BrickStreet Mutual Insurance Company denied Plaintiff's claim because the "disability complained of [was] not . . . due to an injury received in the course of and resulting from employment." (First Am. Compl. ¶ 15.) Brickstreet supported its denial, in part, based on Plaintiff's statement that "he was enroute [sic] to work that morning on the date of the subject accident and had not reached the office." (First Am. Compl. ¶ 16.)

Thereafter, on November 3, 2009, Plaintiff sought the benefit of his employer's underinsured motorists ("UIM") coverage. RESA-I is an "insured" under auto insurance Policy Number RM CA 160-68-53 issued by Defendant NUFIC with an effective date of July 1, 2007 to July 1, 2008. In his claim, Plaintiff advised the Deputy Director of Claims Management that the driver of the other vehicle involved in the accident was at fault, that due to the multiple injuries sustained by Plaintiff and others, the policy limits of that driver's insurance carrier ($20,000) was offered in pro-rata share but that the offer was "far less than the extent of damages which [he] received and was insufficient to compensate [him] for [his sustained] injuries[.]" (First Am. Compl. ¶¶ 8-12.) On November 11, 2009, Defendant Chartis denied Plaintiff's UIM claim by asserting that he was "acting within the course and scope of his employment with RESA-I at the

---

1 Plaintiff initiated this action on October 10, 2012, in the Circuit Court of Raleigh County, West Virginia. Thereafter, Defendant Chartis moved for dismissal which promoted, among other filings, Plaintiff's motion for leave to file first amended complaint. The Circuit Court granted the motion on January 9, 2013. At the time of removal, the Circuit Court had not issued any ruling on the Defendant's motion to dismiss.

2 (*See* Memorandum in Support of Motion to Dismiss ("Defs.' Mem.") (Document 6) at 3.) (explaining that "RESA 1, or Regional Education Service Agency 1 . . . operates under the West Virginia Board of Education. ")

time of his motor vehicle accident" but the policy excluded "[a]nyone, including but not limited to an employee of the 'insured,' who is injured during the course and scope of employment." (First Am. Compl. ¶¶ 13-14.)

As a result of this denial and because he "was not acting within the course of his employment on the date of the motor vehicle accident," Plaintiff alleges that he is entitled to payment under the underinsured/uninsured motorist provision, but that the Defendants have wrongfully denied the coverage to which he is entitled. (First Am. Compl. ¶¶ 17-18.) Consequently, in Count 1, Plaintiff seeks a declaration that Defendants breached its contract by denying the UIM payment. (First Am. Compl. ¶ 28.) Additionally, Plaintiff asserts that Defendants acted in bad faith by failing to perform a proper accident/claim investigation and by wrongfully denying the UIM coverage (Count 2). Further, Plaintiff claims that Defendants' actions were in violation of the Unfair Trade Practices Act ("UTPA") of West Virginia (Count 3). (First Am. Compl. ¶¶ 23-42.) Plaintiff alleges that he has suffered physical injuries and mental anguish as a direct and proximate result of the June 19, 2008 accident, that his injuries are permanent, that he has past medical expenses, lost wages and pain and suffering, that he may have future medical expenses and lost wages, and that he has suffered property damage as well as the loss of use and loss of personal property. (First Am. Compl. ¶ 21.) Plaintiff seeks the policy limit of the underinsured/uninsured motorist coverage, damages incurred due to Defendants' bad faith, prejudgment and post judgment interest and the cost of litigation, including attorney fees, court costs and fees. (First Am. Compl. at 79.) As it must, the Court accepts all factual allegations as true at this stage of the litigation.

On February 4, 2013, Defendants removed this action by invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332 (Notice of Removal at 1). The following day, Defendants

filed the pending motion to dismiss. Defendant Chartis argues that any declaratory judgment claim against it must be dismissed since it did not issue the insurance policy in dispute and is not the proper party against whom such claim should be brought. (Mot. to Dismiss at 2-3); (Notice of Removal at 2) ("Plaintiff's claim against National Union for UIM benefits is a contract action with the longer ten year statute of limitations period, and is therefore a potentially valid claim."). However, both Defendants seek dismissal of Counts 2 and 3 on the ground that Plaintiff's claims are time-barred by the applicable statutes of limitation. (*Id*.).

On April 2, 2013, nearly two months after the filing of the motion to dismiss, Plaintiff filed an opposition to Defendants' motion. Rule 7.1 of the Local Rules of Civil Procedure provides that, "[m]emoranda and other materials in response to motions shall be filed and served on opposing counsel and unrepresented parties within 14 days from the date of service of the motion." LR Civ P. 7.1(a)(7). Consequently, any opposition or other response to Defendants' motion was due by February 19, 2013. Clearly, Plaintiff's opposition was filed well-beyond that date. The record reveals that he did not seek leave of the Court prior to filing his response. The Court also observes that Plaintiff did not assert any statement of good cause, excusable neglect or other explanation to support his untimely submission. As a result, the Court **ORDERS** that Plaintiff's Response to Defendant Chartis Claims Inc.'s Motion to Dismiss and Defendant National Union's Motion to Dismiss Counts 2 and 3 (Document 11) and Defendants' corresponding Reply thereto (Document 12) be **STRICKEN** from the record.

## *II. STANDARD OF REVIEW*

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a

complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" (*Id.*) Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). This pleading standard requires that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." (*Id.*) The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." (*Id.*) Rather, "[i]t requires [a party] to articulate facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). Such "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. However, "where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged–but it has not show[n]"– "that the pleader is entitled to relief." (*Id.*) (quoting Fed.R.Civ.P. 8(a)(2)).

## *III. DISCUSSION*

Defendant Chartis seeks dismissal of Plaintiff's First Amended Complaint in its entirety and Defendant NUFIC moves for dismissal of Counts 2 and 3. *In totem*, Defendants contend that facts alleged on the face of the pleading reveal that Plaintiff's claims fail as a matter of law either because they are time barred or because Plaintiff has asserted the claims against an improper party. The Court will review each claim separately.

### *A. Count 1 – Declaratory Judgment Due to Breach of Contract*

Plaintiff alleges that the at-fault driver lacks adequate insurance coverage for his claims of damages, that at the time of the accident the vehicle he was driving was covered by Defendants' policy, that he is an insured under the policy and that it has been determined that he "had not operated such vehicle within the course and scope of his employment." (First Am. Compl. ¶¶ 11-12, 24, 26, 28.) Consequently, Plaintiff alleges that "[D]efendants have breached its contract with the Plaintiff "by failing to make any payments to [him] under the Underinsured/Uninsured Motorist provision of the Defendants' policy in which [he] was a claimant." (First Am. Compl. ¶ 28.)

Defendant Chartis argues that the declaratory judgment claim against it for breach of contract fails as a matter of law because such a claim would involve a contractual relationship between insurers and insureds. Defendant Chartis argues that it is not a party to the insurance policy and that it "was only the claims handling entity with regard to [Plaintiff's] claim, not the actual insurer" as recognized by Plaintiff. (Defs.' Mem. at 11.) Accordingly, Chartis argues that

it is not the proper party against whom such a claim could be asserted. (*Id*.) In support of this assertion, Defendant cites *Christian v. Sizemore*, a West Virginia decision exploring whether a trial state court abused its discretion in failing to permit the insured plaintiff from naming the at-fault driver's insurance carrier as a party defendant prior to any determination of the at-fault driver's liability. *Christian v. Sizemore*, 383 S.E.2d 810 (W. Va. 1989). *Christian* is not factually on point with the issue presented here, that is, whether an insured can properly assert a breach of contract declaratory judgment claim against an insurer's claim administrator for the denial of insurance benefits. This Court's reading of the First Amended Complaint reveals that Plaintiff has alleged that Defendant Chartis is a claims administrator for Defendant NUFIC and acted as an agent for Defendant NUFIC under the applicable policy; that it was Chartis that considered his claim and denied him the benefit of the UIM coverage; and that this denial was wrongful. (First Am. Compl. ¶¶ 6, 13, 18). Further, in Count 2, Plaintiff alleges that Defendant Chartis improperly investigated his accident. (First Am. Compl. ¶¶ 32, 34.) The Court finds that Plaintiff has sufficiently alleged enough facts, when accepted as true, to plausibly state a claim against Chartis. Additionally, Plaintiff has alleged that Defendants breached the insurance policy and that he has suffered damages as a result of the actions of Defendants in the denial of the UIM benefits. Consequently, the Court finds that Defendant Chartis' motion to dismiss Count 1 of the Plaintiff's First Amended Complaint should be denied.

*B. Counts 2 and 3 – Bad Faith and UTPA*

Defendants argue that Plaintiff's claims of Bad Faith and UTPA are barred by the one-year statute of limitations for these claims. (Defs.' Mem. at 6-10.) According to Defendants, Plaintiff was made aware of these causes of action when his UIM coverage claim was denied on November 11, 2009. Defendants argue that upon Plaintiff's receipt of the denial letter he

"discovered" his potential cause of action for that denial and that Plaintiff must have filed his Complaint by November 11, 2010, to be timely. Defendants argue that Plaintiff's claims were filed nearly two years later on October 11, 2012, and are, therefore, time-barred. Defendants also argue that Plaintiff has not alleged any facts to suggest that the statute of limitations should be tolled by the discovery rule, any alleged fraudulent concealment of facts preventing the discovery or pursuit of a cause of action against the Defendants or any other tolling doctrine. (*See* Defs.' Mem. at 8 (citing *Dunn v. Rockwell*, 689 S.E.2d 255 (W. Va. 2009)). As a result, Defendants assert that these claims should be dismissed as time barred. Defendant Chartis also argues that since it was not a party to the insurance contract, but only a claims administrator on the issued policy, Plaintiff cannot assert a bad faith claim against it. (*Id*. at 10).

The Court has considered the allegations set forth in Plaintiff's First Amended Complaint which clearly establishes the date of Plaintiff's accident, the date he sought the benefit of the Defendant NUFIC issued insurance policy and the date of the denial of benefits by Defendant Chartis on November 11, 2009. The West Virginia Supreme Court of Appeals has established that the statute of limitations for both a bad faith claim and for violations of the UTPA is one year. *See Wilt v. State Auto Mut. Ins. Co.*, 506 S.E.2d 608, 614 (W. Va. 1998) (establishing that the one-year statute of limitations set forth in W. Va. Code § 55-2-12(c) applies to claims involving unfair settlement practices under the UTPA); *Noland v. Virginia Ins. Reciprocal*, 686 S.E.2d 23 (W. Va. 2009) (holding that the one-year statute of limitations contained in W. Va. Code § 55-2-12(c) applies to common law bad faith claims.) As is obvious from the pleading, Plaintiff became aware of the denial of insurance benefits on November 11, 2009. He has not stated any reason in the amended pleading to prompt an inquiry regarding whether the statute of limitations should be tolled. Therefore, a timely claim was required to be filed by November 11,

2010. Plaintiff's initial complaint was filed in October, 2012. Therefore, taking Plaintiff's allegations as true, Plaintiff's alleged bad faith and UTPA claims are time-barred by the applicable one year statute of limitations. Thus, this Court finds that Counts 2 and 3 of the First Amended Complaint should be dismissed for Plaintiff's failure to state a claim upon which relief can be granted.[3]

## *IV. CONCLUSION*

Wherefore, after careful consideration and for the reasons discussed herein, the Court does hereby **ORDER** that Defendants' *Motion to Dismiss* (Document 5) be **GRANTED IN PART AND DENIED IN PART.** Specifically, the Court **ORDERS** that Defendant NUFIC's motion to dismiss Counts 2 and 3 is **GRANTED**, but Defendant Chartis' motion to dismiss Count 1 is **DENIED**. The Court further **ORDERS** that *Plaintiff's Response to Defendant Chartis Claims Inc.'s Motion to Dismiss and Defendant National Union's Motion to Dismiss Counts 2 and 3* (Document 11) and *Defendants National Union Fire Insurance Company of Pittsburgh, PA and Chartis Claims, Inc.'s Reply in Support of Motion to Dismiss* (Document 12) be **STRICKEN** from the record.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 13, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

[3] Given this disposition, the Court need not make any finding on Defendant Chartis' argument that Plaintiff's bad faith claim is fatally flawed because it was not a party to the insurance contract.